### TAYLOR v. VILLAGE OF MATTEAWAN.

(Supreme Court, Appellate Division, Second Department.   November 22, 1907.)

1. Bridges—Repairs—Assumption of Duty.

Under the express provisions of General Village Law, Laws 1870, p. 703, c. 291, § 27, and Laws 1897, p. 414, c. 414, §§ 141–143, on the incorporation of a village, jurisdiction over bridges and their approaches therein and the duty to repair remains in the town in which the village is situated, unless the village relieves the town thereof by its own act.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Bridges, §§ 51, 52.]

2. Statutes—Construction—Repealed and Re-enacted Statute.

A decision relative to the duty of villages to repair bridges, construing General Village Law, Laws 1870, p. 674, c. 291, is equally applicable to a state of facts arising under General Village Law, Laws 1897, p. 366, c. 414; the former law being substantially re-enacted in the statute of 1897.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 306.]

Appeal from Special Term, Dutchess County.

Action by Elizabeth Taylor against the village of Matteawan for personal injuries. From a judgment dismissing the complaint, entered on the report of a referee, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

W. E. Hoysradt, for appellant.

James G. Meyer, for respondent.

RICH, J. This is an appeal from a judgment entered upon the report of a referee in an action to recover damages for a personal injury. The learned referee dismissed the complaint upon the ground that the town of Fishkill was solely liable for the result of the dangerous conditions which were found to be the cause of plaintiff's injury.

The defendant was incorporated as a village in 1886. Before that time a highway called the "Old Road," in which had been constructed a bridge crossing a small stream, was one of the highways of the town of Fishkill, in which town the village of Matteawan is situate; said bridge being within the corporate limits of said village. Before the incorporation of the village said town of Fishkill had the entire and exclusive jurisdiction over the bridge referred to and its approaches, and was charged with the duty of repairing and maintaining it. This jurisdiction and duty continued after the incorporation of the village, notwithstanding such bridge was within the limits of said village, unless some act on the part of the latter re-

lieved the town and placed a corresponding duty and liability upon the village. General Village Law, Laws 1870, p. 703, c. 291, § 27; Washburn v. Village of Mt. Kisco, 35 Hun, 329; General Village Law, Laws 1897, p. 414, c. 414, §§ 141–143. The latter act provides for the care and maintenance of bridges and their approaches in the following language:

"Sec. 142. If at the time this chapter takes effect, the board of trustees of a village has the supervision and control of a bridge therein, it shall continue to exercise such control under this chapter. In any other case, every public bridge within a village shall be under the control of the commissioners of highways of the town in which the bridge is wholly or partly situated, or such other officer as may be designated by special law, and the expense of constructing and repairing such bridge and the approaches thereto is a town charge, unless the village assumes the whole or part of such expense.

"Sec. 143. A village may assume the control, care and maintenance of a bridge or bridges wholly within its boundaries, upon the adoption of a proposition therefor, at a village election; or a proposition may be adopted authorizing the board of trustees to enter into an agreement with the commissioners of highways of a town, in which any part of such village is situated, to construct or repair a bridge in any part of the village included in such town, at the joint expense of the village and town, which agreement shall fix the portion to be paid by each."

It appears that the village never assumed any duties with reference to the bridge in question, never repaired or assumed to exercise jurisdiction over it, and it therefore remained a town bridge under the exclusive jurisdiction and control of the town which was charged by the statutes with the duty of its repair and maintenance. The referee has found that the place where plaintiff fell, and the dangerous and defective conditions there existing, causing the injury, was on the bridge or its approach. The sole question presented, therefore, is whether for this dangerous and defective condition the respondent is liable. A careful consideration of this question satisfies me that the referee correctly disposed of the case and that the judgment must be affirmed.

It was held in Washburn v. Village of Mt. Kisco, supra, that a village incorporated under the provisions of chapter 291, p. 674, of the Laws of 1870, was not bound to repair bridges situate within its corporate limits, unless it elected so to do, and that in the absence of such election the town continued to be bound to repair such bridges, and it, and not the village, was liable to any person injured by its neglect to perform the statutory duty of repairing and keeping them in safe condition, and a judgment recovered in that action against the village within whose limits the bridge was situate was reversed. It is contended by the appellant that this decision is without force, as the present village law, which took effect May 13, 1897, repealed chapter 291, p. 674, of the Laws of 1870; but this contention is without merit, for the reason that the provisions of that statute are substantially re-enacted in the statute of 1897, which makes the decision applicable with equal force to the case at bar.

The case at bar presents two municipalities, the town and village—the latter having exclusive jurisdiction and control of its highways and sidewalks, charged with the duty of their maintenance and re-

pair, and liable for a neglect of such duty, and the town having exclusive jurisdiction and control of the bridge within the village limits and its approaches, charged with their maintenance and repair and liable for injuries sustained as the result of a violation or neglect of this duty. The respondent was not bound to repair or maintain the bridge in question. It never assumed that duty, never made any repairs to, or interfered in any manner with, the bridge or its approaches, and the statutory duty and liability of the town remained and was operative and in force at all times prior to the accident. For its neglect to perform the duty of keeping and maintaining this bridge in proper repair the defendant is not responsible.

The judgment must be affirmed, with costs. All concur.